IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| BRAD COGGINS and DARIN HEATH, | : | Case No. 1:25-cv-00707-MWM |
| Plaintiffs, | : | |
| | : | Judge Matthew W. McFarland |
| vs. | : | |
| MCKESSON CORPORATION | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

For its first defense, Defendant McKesson Corporation ("Defendant" or "McKesson") answers the numbered paragraphs of the Complaint of Plaintiffs Brad Coggins and Darin Heath ("Plaintiffs") as follows:

1. Answering paragraph 1 of the Complaint, Defendant admits the allegations of said paragraph.

2. Answering paragraph 2 of the Complaint, Defendant admits the allegations of said paragraph.

3. Answering paragraph 3 of the Complaint, Defendant admits the allegations of said paragraph.

4. Answering paragraph 4 of the Complaint, Defendant responds that the allegations of said paragraph constitute legal conclusions as to which no response is required. To the extent any response may be required, Defendant admits that Plaintiff purports to be bringing this action pursuant to 29 U.S.C. §1140. Defendants further admits that this court has jurisdiction over Plaintiffs' claims but denies that jurisdiction is premised on 29 U.S.C. §1132.

1

5. Answering paragraph 5 of the Complaint, Defendant admits that venue is proper in this District.

6. Answering paragraph 6 of the Complaint, Defendant admits the allegations of said paragraph.

7. Answering paragraph 7 of the Complaint, Defendant admits the allegations of said paragraph.

8. Answering paragraph 8 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

9. Answering paragraph 9 of the Complaint, Defendant responds that said paragraph refers to the terms of a document, which document speaks for itself. To the extent said paragraph misquotes said document or refers to said document out of context, Answering Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

10. Answering the first sentence of paragraph 9 of the Complaint, Defendant responds that said paragraph refers to the terms of a document, which document speaks for itself. To the extent said paragraph misquotes said document or refers to said document out of context, Answering Defendant further responds that it was not obligated, under the terms of said policy, to "issue a warning or require remedial driving instruction." Except as so expressly alleged, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

11. Answering paragraph 11 of the Complaint, Defendant admits the allegations of said paragraph.

12. Answering paragraph 12 of the Complaint, Defendant lacks sufficient information upon which to base a response to said paragraph, and on that basis denies, generally and

specifically, each and every allegation of said paragraph and the whole thereof.

13. Answering paragraph 13 of the Complaint, Defendant admits that it did not suspend Plaintiff Coggins's driving privileges, but denies, generally and specifically, that in not doing so it acted "contrary to the Vehicle Policy." Except as so expressly alleged, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

14. Answering paragraph 14 of the Complaint, Defendant admits the allegations of the first sentence of said paragraph. As to the second sentence of said paragraph, Defendant lacks sufficient information upon which to base a response to said paragraph, and on that basis denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

15. Answering paragraph 13 of the Complaint, Defendant admits that it did not suspend Plaintiff Heath's driving privileges, but denies, generally and specifically, that in not doing so it acted "contrary to the Vehicle Policy." Except as so expressly alleged, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

16. Answering paragraph 16 of the Complaint, Defendant admits that on August 7, 2024 it terminated the employment of Plaintiffs, effective immediately, based upon the provisions of the Vehicle Policy.

17. Answering paragraph 17 of the Complaint, Defendant admits the allegations of said paragraph.

18. Answering paragraph 18 of the Complaint, Defendant admits the allegations of said paragraph.

19. Answering paragraph 19 of the Complaint, Defendant denies the allegations of said paragraph.

20. Answering paragraph 20 of the Complaint, Defendant lacks sufficient information

7536215.v1

upon which to base a response to said paragraph, and on that basis denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

21. Answering paragraph 21 of the Complaint, Defendant admits that Plaintiff Heath was terminated on the same day as Plaintiff Coggins, but otherwise denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

22. Answering paragraph 22 of the Complaint, Defendant admits that the Voluntary Early Retirement Plan ("VERP") was announced on August 8, 2024.

23. Answering paragraph 23 of the Complaint, Defendant admits the allegations of said paragraph.

24. Answering paragraph 24 of the Complaint, Defendant lacks sufficient information upon which to base a response to said paragraph, and on that basis denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

25. Answering paragraph 25 of the Complaint, Defendant incorporates the foregoing paragraphs of this Answer as if fully set forth herein.

26. Answering paragraph 26 of the Complaint, Defendant responds that the allegations of said paragraph constitute legal conclusions as to which no response is required.

27. Answering paragraph 27 of the Complaint, Defendant responds that the allegations of said paragraph constitute legal conclusions as to which no response is required.

28. Answering paragraph 28 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

29. Answering paragraph 29 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

30. Answering paragraph 30 of the VERP, Defendant admits that certain persons in

Defendant's employ were aware that Plaintiff Coggins had met certain criteria for potential participation in the VERP at the time of Plaintiff's termination of employment, but denies that Defendant terminated Plaintiff's employment because of the pending implementation of the VERP. Except as so expressly admitted, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

31. Answering paragraph 31 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

32. Answering paragraph 32 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

33. Answering paragraph 33 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

34. Answering paragraph 34 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

35. Answering paragraph 35 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

36. Answering paragraph 36 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof, and further denies that Plaintiff is entitled to any relief against Defendant.

37. Answering paragraph 37 of the Complaint, Defendant denies that Plaintiff is entitled to the relief he purports to seek pursuant to the Complaint or otherwise.

38. Answering paragraph 38 of the Complaint, Defendant denies that Plaintiff is entitled to the relief he purports to seek pursuant to the Complaint or otherwise.

39. Answering paragraph 39 of the Complaint, Defendant incorporates the foregoing

paragraphs of this Answer as if fully set forth herein.

40. Answering paragraph 40 of the Complaint, Defendant responds that the allegations of said paragraph constitute legal conclusions as to which no response is required.

41. Answering paragraph 41 of the Complaint, Defendant responds that the allegations of said paragraph constitute legal conclusions as to which no response is required.

42. Answering paragraph 42 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

43. Answering paragraph 43 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

44. Answering paragraph 44 of the VERP, Defendant admits that certain persons in Defendant's employ were aware that Plaintiff Heath had met certain criteria for potential participation in the VERP at the time of Plaintiff's termination of employment, but denies that Defendant terminated Plaintiff's employment because of the pending implementation of the VERP. Except as so expressly admitted, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

45. Answering paragraph 45 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

46. Answering paragraph 46 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

47. Answering paragraph 47 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

48. Answering paragraph 48 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

49. Answering paragraph 49 of the Complaint, Defendant denies, generally and specifically, each and every allegation of said paragraph and the whole thereof.

50. Answering paragraph 50 of the Complaint, Defendant denies that Plaintiff is entitled to the relief he purports to seek pursuant to the Complaint or otherwise.

51. Answering paragraph 51 of the Complaint, Defendant denies that Plaintiff is entitled to the relief he purports to seek pursuant to the Complaint or otherwise.

52. Answering paragraph 52 of the Complaint, Defendant denies that Plaintiff is entitled to the relief he purports to seek pursuant to the Complaint or otherwise.

**DEFENSES**

53. As and for a first, separate defense, Defendant contends that Plaintiffs were terminated from their employment for legitimate, non-pretextual and non-discriminatory reasons.

54. As and for a second, separate defense, Defendant contends that Plaintiffs, and both of them, were terminated from their employment without any specific intention to interfere with their potential entitlement to benefits under any employee benefit plan governed by ERISA or otherwise.

55. As and for a third, separate defense, Defendant contends that potential interference with Plaintiffs' potential entitlement to benefits was not a motivating factor in Defendant's decision to terminate their employment.

56. As and for a fourth, separate Defense, Defendant alleges that Plaintiffs' employment was terminated due to an honest, good faith belief that Plaintiffs violated Defendant's vehicle policy, and that their continued employment created excessive and undue risk.

57. As and for a fifth, separate defense, Defendant alleges that Plaintiffs' employment

was terminated based upon an honest, good faith exercise of Defendant's business judgment.

58. As and for a sixth, separate defense, Defendant alleges that Plaintiffs' potential entitlement to participate in and receive benefits from the VERP was within the discretion of Defendant, and therefore, termination of their employment did not interfere with their entitlement to benefits.

59. As and for a seventh, separate defense, Defendant alleges that Plaintiffs' claims are barred by the doctrine of estoppel, as Plaintiffs are estopped from asserting that Defendant was precluded from terminating their employment pursuant to Defendant's Vehicle Policy.

60. As and for an eighth, separate defense, Defendant reserves the right to assert such additional affirmative defenses as may be warranted by information obtained through discovery and investigation in this matter.

WHEREFORE, Defendant requests that the Court enter judgment as follows:

1. For judgment in favor of Defendant on Plaintiffs' claims;

2. For an order that Plaintiffs take nothing by their Complaint;

3. For an order granting Defendant its costs and reasonable attorneys fees pursuant to 29 U.S.C. §1132(g), and;

///

///

///

///

///

///

///

7536215.v1

4. For such other and further relief as the Court deems just and proper.

DATED: December 9, 2025

TRUCKER HUSS, APC

By: /s/Joseph C. Faucher
JOSEPH C. FAUCHER (*Admitted Pro Hac Vice*)
BRIAN D. MURRAY (*Admitted Pro Hac Vice*)
15760 Ventura Blvd., Suite 910
Encino, California 91436
Tel. (213) 537-1016

SSP LAW CO., L.P.A.

JEFFREY M. NYE
7373 Beechmont Avenue
Cincinnati, Ohio 45230
Tel. No. 513-533-6714

Attorneys for Defendant McKesson Corporation

7536215.v1