**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| Brad Coggins and Darin Heath, | : | Case No. 1:25-cv-00707 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| v. | : | |
| McKesson Corporation, | : | |
| Defendant. | : | |

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

All parties to this case, by and through their respective counsel, jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Regarding Procedures in Civil Cases. The parties held their discovery conference on December 10, 2025.

**A.  MAGISTRATE CONSENT**

The parties:

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

☒ Do not unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. 636(c).

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) solely for purposes of deciding the following pretrial motions dispositive motions: _____.

1

☐ Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) for trial purposes only if the District Judge assigned is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

B. **RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☒ The parties will exchange such disclosures by <u>March 2, 2026</u>.

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

**NOTE**: Rule 26(a) disclosures are **NOT** to be filed with the Court.

C. **DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of

    the Plaintiffs' employment, employee performance, and termination; the creation and operation of the Voluntary Employee Retirement Plan; the creation and implementation of Defendant's Vehicle Policy and its application to Defendant's employees.

2. The parties recommend that discovery

    ☒ Need not be bifurcated.

    ☐ Should be bifurcated between liability and damages.

    ☐ Should be bifurcated between factual and expert.

    ☐ Should be limited to or focused upon issues relating to _____.

3. Disclosure and report of Plaintiff(s) expert(s) by <u>September 1, 2026</u>.

2

4. Disclosure and report by Defendant(s) expert(s) by <u>September 1, 2026</u>.

5. Disclosure and report of rebuttal expert(s) by <u>October 1, 2026</u>.

6. Disclosure of non-expert (fact) witnesses by <u>Final Pretrial Conference</u>.

7. Discovery cut-off <u>November 20, 2026</u>.

8. Anticipated discovery problems

    ☐ _____

    ☒ None.

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

Plaintiffs believe that they can evaluate settlement after one paper discovery and prior to depositions. Case dispositive motions and preparation for trial will require that all discovery be completed.

10. **Discovery of Electronically Stored Information**. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

    ☒ Yes

    ☐ No

3

      **i.** The parties have electronically stored information in the following formats:

Plaintiffs have emails and text messages that can be produced in a pdf format. Defendant currently anticipates meeting and conferring with Plaintiffs' counsel regarding the appropriate manner of production of electronically stored information, as such information exists in many different formats (email, PDF files, Excel files, etc.). Defendant's counsel will work cooperatively with Plaintiffs' counsel to produce documents in a format that is proportional to the needs of the litigation and acceptable to all parties.

      **ii.** The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

   **11. Claims of Privilege or Protection**. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    ☒ Yes

    ☐ No

      **i.** The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

None from the Plaintiffs' perspective. Defendant anticipates potentially asserting the

application of the attorney-client privilege and/or the attorney work product doctrine with respect to certain documents, and in that event will provide an appropriate log of documents withheld on the basis of such privilege.

        ii. Have the parties agreed on a procedure to assert such claims AFTER production?

           ☐ No

           ☒ Yes

           ☐ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

**D.**    **LIMITATIONS ON DISCOVERY**

    1. Change in the limitations on discovery

       ☐ Increase the amount of time (currently 1 day of 7 hours) permitted in which to complete depositions to_____.

       ☐ Increase the number of depositions (currently 10) permitted to _____.

    ☐ Increase the number of interrogatories (currently 25) permitted to _____.

    ☒ None.

**E.**   **PROTECTIVE ORDER**

    ☒ A protective order will be submitted to the Court on or before February 17, 2026.

    ☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will comply with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and its progeny.

**F.**   **SETTLEMENT**

A settlement demand ☐ has or ☒ has not been made.

A response to the demand ☐ has or ☒ has not been made.

A demand can be made by April 6, 2026.

A response can be made by May 4, 2026.

**G.**   **MOTION DEADLINES**

  **1.** Motion to amend the pleadings and/or add parties by June 1, 2026.

  **2.** Motions related to the pleadings by June 1, 2026.

  **3.** Dispositive motions by _____.

**H.**   **OTHER MATTERS**

_____

_____

_____

_____

7

Signatures:   /s/ Tony C. Merry          /s/ Joseph C. Faucher

                     Attorney for Plaintiff(s)       Attorney for Defendant(s)